# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| NICOLE HOLLOWAY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WINKLER, INC., d/b/a ) <br> "J. WINKER & SONS," et al., ) <br> ) <br> Defendants. ) | No. 4:17CV2208 RLW |

## MEMORANDUM AND ORDER

This matter is before the Court on the *Daubert* Motion to Exclude Expert Opinions of Rebecca Summary filed by Defendant Winkler, Inc., d/b/a "J. Winkler & Sons" (ECF No. 20). The motion is fully briefed and ready for disposition. Upon review of the motion, related memoranda, and exhibits, the Court will deny Defendant's motion.

## BACKGROUND

On April 20, 2015, Plaintiff Nicole Holloway was involved in an automobile accident. (Compl. ¶ 1, ECF No. 1) Plaintiff alleges that Defendant Scott Litkenhus ("Litkenhus"), who was operating a tractor-trailer in the course of his employment with Defendant Winkler, Inc. ("Winkler"), violated a stop sign and struck Plaintiff's vehicle. (*Id.*) Plaintiff further alleges that she sustained serious injuries as a result of the collision, including injuries to her arm, ribs, knee, and low back. (*Id.*) On August 4, 2017, Plaintiff filed a Complaint in federal court, alleging negligence and negligence per se on the part of Litkenhus (Counts I and II) and vicarious liability against Winkler for Litkenhus' negligence and negligence per se (Counts III and IV). (*Id.* at ¶¶ 38-60) Plaintiff claims that she has sustained economic losses consisting of medical expenses

and lost wages and will continue to sustain medical expenses, wage losses, and loss of earning capacity. (*Id.* at ¶ 34)

To support this claim, Plaintiff has designated an expert, Rebecca M. Summary, Ph.D.,[1] to testify regarding Plaintiff's lost income, lost household services, loss on sale of business, and total economic loss. (Pl.'s Ex. 2, ECF No. 21-2) Dr. Summary maintains in her Rule 26 Report that Plaintiff, who previously owned and worked at a diner, would have worked at the diner until age 70, would have performed household services until age 74.5, and sold the diner under duress for a loss. (*Id.*) Dr. Summary further claims that the accident and Plaintiff's resulting injuries caused losses in these areas. (*Id.*)

## LEGAL STANDARD

The admission of expert testimony in federal court is governed by Rule 702 of the Federal Rules of Evidence:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. A district court acts as a "gatekeeper" when screening expert testimony for relevance and reliability. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590-93 (1993); *Russell v. Whirlpool Corp.*, 702 F.3d 450, 456 (8th Cir. 2012). "To satisfy the reliability requirement, the party offering the expert testimony 'must show by a preponderance of the evidence both that the expert is qualified to render the opinion and that the methodology

---

[1] Rebecca M. Summary, Ph.D., is a professor of economics and chairperson of the Department of Economics and Finance at Southeast Missouri State University located in Cape Girardeau, Missouri. (Summary Dep. 9:20-22, ECF No. 20-2)

underlying his conclusions is scientifically valid.'" *Barrett v. Rhodia, Inc.*, 606 F.3d 975, 980 (8th Cir. 2010) (quoting *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 757 (8th Cir. 2006)). "To satisfy the relevance requirement, the proponent must show that the expert's reasoning or methodology was applied properly to the facts at issue." *Id.* The trial court has broad discretion concerning the admission of expert testimony, and such decisions will not be overturned on appeal absent an abuse of discretion. *Peitzmeier v. Hennessy Indus., Inc.*, 97 F.3d 293, 296 (8th Cir. 1996). "There is no single requirement for admissibility as long as the proffer indicates that the expert evidence is reliable and relevant." *Russell*, 702 F.3d at 456-57 (quotation omitted). "An expert's opinion should be excluded only if that opinion is so fundamentally unsupported that it can offer no assistance to the jury." *Synergetics, Inc. v. Hurst*, 477 F.3d 949, 956 (8th Cir. 2007) (internal quotation marks and citation omitted); *see also Minn. Supply Co. v. Raymond Corp.*, 472 F.3d 524, 544 (8th Cir. 2006) (quotation omitted). Doubts regarding the usefulness of an expert's testimony should be resolved in favor of admissibility. *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 758 (8th Cir. 2006) (citation omitted). "'The exclusion of an expert's opinion is proper only if it is so fundamentally unsupported that it can offer no assistance to the jury.'" *Sappington v. Skyjack, Inc.*, 512 F.3d 440, 448 (8th Cir. 2008) (quoting *Wood v. Minn. Mining & Mfg. Co.*, 112 F.3d 306, 309 (8th Cir. 1997)).

## DISCUSSION

Winkler asserts that the opinions of Plaintiff's expert, Dr. Rebecca Summary, are based on assumptions formed from unreliable, undocumented information conveyed by Plaintiff and not based on generally accepted peer-reviewed economic methodology or review of any pertinent information. Therefore, Winkler argues that the Court should exclude such expert testimony as unreliable.

Specifically, Winkler claims that the Court should exclude Dr. Summary's testimony regarding Plaintiff's lost wages and lost earning capacity because the opinions are not supported by documented information or proper assumptions. Winkler contends that Dr. Summary's opinions are not based on Plaintiff's actual income or earnings but are instead based on an irrelevant and inaccurate hypothetical scenario wherein Plaintiff's diner would resume profitability and Plaintiff would resume drawing a wage from the profits. Winkler further claims that Plaintiff's tax records do not reflect an annual average income of $26,000 as calculated by Dr. Summary.

In addition, Winkler asserts that Dr. Summary wrongly assumes that Plaintiff would return to working at the capacity she worked prior to filing for disability related to scoliosis in 2012. Winkler contends that Dr. Summary's opinion rests on an assumption that Plaintiff's scoliosis will improve such that she would no longer need the hours per week reduction taken before the accident. Further, Winkler maintains that Dr. Summary's opinion that Plaintiff could work 60-hour weeks at the diner is contradicted by her finding that Plaintiff's disability would decrease the amount Plaintiff could perform household services.

Finally, Winkler argues that Dr. Summary does not rely on documented facts but instead uses baseless assumptions to opine regarding the diner's profitability and depreciation, Plaintiff's rental income from the attached beauty and barber shop, and loss on the sale of the diner under duress. Winkler contends that Dr. Summary's testimony should be excluded because it is based on incomplete information and faulty assumptions and will only serve to confuse the jury. In response, Plaintiff asserts that Winkler merely attacks the factual basis of Dr. Summary's opinion, which Winkler can dispute during cross-examination and with its own expert witness.

The Court finds that Dr. Summary's opinions are based on sufficient facts or data and are the product of reliable principles and methods. Although Dr. Summary's methodology and conclusions may be subject to debate, the opinions are relevant and will assist the finder of fact. Dr. Summary is qualified by training and experience, and her opinions are reliable in that they are based on economic principles generally accepted in the economic community, including life expectancy tables and yearly dollar valuations. More importantly, Dr. Summary's methodology and conclusions will be subject to vigorous cross examination because Winkler has presented its own expert with different conclusions. Moreover, Dr. Summary's alleged failure to base her opinions on proper facts and figures goes to the credibility of her testimony and not admissibility of her expert opinion. *See In re Viagra Prod. Liab. Litig.*, 572 F. Supp. 2d 1071, 1077 (D. Minn. 2008) (stating that the general rule in *Daubert* motions is that the factual basis of an expert opinion goes to the credibility of the testimony and not to the admissibility); *see also Hanrahan v. Wyeth, Inc.*, No. 4:04CV01255 ERW, 2012 WL 2395986, at *4 (E.D. Mo. June 25, 2012) ("Raising questions about, and exposing gaps in, [Dr. Summary's] analyses and conclusions is a task for Defendants to perform in front of a jury.").

The Court concludes that Dr. Summary's testimony will aid the finder of fact, and any deficiencies in her opinion will be addressed by cross examination of Dr. Summary and the examination of Winkler's expert, John Ward Economics.[2] As aptly stated by the Eighth Circuit Court of Appeals in *Lauzon v. Senco Prod., Inc.*:

> It is far better where, . . . there exists a close case . . . to allow the expert opinion and if the court remains unconvinced, allow the jury to pass on the evidence. Depending on the verdict, . . . the trial court can always refer to Federal Rule of Civil Procedure 50(b) and grant a judgment as a matter of law or a new trial.

---

[2] Winkler has attached to the *Daubert* motion a Personal Injury Economic Loss Estimation from John Ward Economics that explicitly disputes Dr. Summary's report. (ECF No. 20-3)

5

270 F.3d 681, 695-96 (8th Cir. 2001) (footnote omitted). Therefore, the Court will deny Defendant Winkler's motion and allow Dr. Summary to testify.

Accordingly,

**IT IS HEREBY ORDERED** that the *Daubert* Motion to Exclude Expert Opinions of Rebecca Summary filed by Defendant Winkler, Inc., d/b/a "J. Winkler & Sons" (ECF No. 20) is **DENIED.**

Dated this 25th day of January, 2019.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**